COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DONG VAN NGUYEN,                                      )

                                                                              )              
No.  08-05-00026-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
292nd District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0401629-RV)

                                                                              )

 

 

O
P I N I O N

 

Dong Van Nguyen
appeals his conviction for aggravated assault with a deadly weapon.[1]   The trial court found Appellant guilty.  Appellant entered a plea of true to the
enhancement paragraph and the trial court assessed punishment at 20 years= imprisonment.  In a single issue, Appellant argues that the
evidence is factually insufficient to support his conviction for the
offense.  We affirm.








On January 15,
2004, Michael Nguyen, Appellant=s
ex-brother-in-law, was working in a pool hall in Garland, Texas when Appellant
came in around five o=clock.  Appellant started talking to some of the customers
and asked them for money.  Some of the
customers gave Appellant money, and so did Michael.  But Michael did tell Appellant to leave the
other customers alone and Appellant left. 
A couple of hours later, Appellant returned.  Michael noted that Appellant had blood on his
face.  Without saying a word, Appellant
grabbed a pool cue, untwisted it into two parts, walked over to Michael, who
was behind the counter, swung and hit Michael in the head with the cue.  Michael fell and caught hold of the counter.  He put his elbow up to block Appellant=s second swing and the cue broke in two
when it hit Michael=s
elbow.  Appellant tried to stab Michael
with the jagged point of the cue stick. 
Michael was able to threw a barstool at Appellant in defense.  Appellant then walked out, breaking a glass
door as he left the pool hall.  Sang
Nguyen, a customer in the pool hall who had given Appellant money earlier in
the evening, witnessed the assault.  Sang
testified that Michael was sitting at the counter when Appellant without saying
anything hit Michael on the head with the pool stick.  Sang ran outside and stood by the door
because he was afraid of getting hit himself.

Michael suffered a
mild concussion from the blow to his head and continues to experience health
problems from the injury.  According to
Michael, the attack was unprovoked and there had been no problems nor prior
arguments between the two of them before the attack.  Officer D. M. Rogers testified that in his
opinion a pool cue is a deadly weapon because it can function in the same
manner as a baseball bat when swung and can cause death or serious bodily
injury if used to hit someone.








Appellant
testified on his own behalf.  He
explained that on January 15, he left the house where he was staying and went
to a gas station where a friend picked him up and drove him to a pool hall to
meet up with his girlfriend Melissa.  On
the way, Appellant briefly stopped in to see Michael in order to get some gas
money.  Later, while he was at another
pool hall with Melissa, Appellant=s
wife, Michael=s sister,
showed up.  Melissa and his wife got into
a fight and while Appellant was trying to break up the fight, his wife hit him
in the face with a key, which caused him to bleed.

Appellant thought
that Michael must have told his wife that he was at the pool hall with Melissa,
and he decided to confront Michael at the other pool hall.  Appellant was very upset when he entered the
pool hall where Michael was hanging out. 
He asked Michael why he had told his wife about Melissa, an allegation
which Michael denied, and then punched him in the head with his fist.  Appellant admitted hitting Michael more than
once, but could not recall how many times he hit him.  Appellant recalled that Michael fell down
when he was hit and that Michael threw a chair at him.  Appellant denied hitting Michael with a cue,
but did admit to breaking a pool stick on the counter as he was leaving.  He also kicked a window on the door when he
walked out.

FACTUAL
SUFFICIENCY

Standard
of Review








Appellant does not
challenge the legal sufficiency of the evidence.  A factual sufficiency review of the evidence
begins with the presumption that the evidence supporting the conviction was
legally sufficient.  See Clewis v.
State, 922 S.W.2d 126, 129, 134 (Tex.Crim.App. 1996); Moore v. State,
140 S.W.3d 720, 726 (Tex.App.--Austin 2004, pet. ref=d).  In reviewing the factual sufficiency of the
evidence, we must determine whether considering all the evidence in a neutral
light, the trier of fact was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex.Crim.App. 2004). 
Evidence can be factually insufficient if the evidence supporting the
verdict, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt, or contrary evidence is so strong that guilt cannot
be proven beyond a reasonable doubt.  Id.
at 484-85.  Our evaluation should not
intrude upon the fact finder=s
role as the sole judge of the weight and credibility given to any witness=s testimony.  See Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997).  We will set aside
the judgment if the evidence supporting the verdict is so weak as to be clearly
wrong and manifestly unjust.  Zuniga,
144 S.W.3d at 481.  A clearly wrong and
manifestly unjust verdict occurs where the trier of fact=s
finding Ashocks
the conscience@ or Aclearly demonstrates bias.@ 
Id.  An opinion addressing
factual sufficiency must include a discussion of the most important and
relevant evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex.Crim.App. 2003).








Here, the
complainant Michael Nguyen testified that Appellant came into the pool hall and
without saying anything and without provocation, hit him in the head with part
of a pool stick.  When Michael attempted
to block the next blow, Appellant hit Michael=s
elbow, with enough force to crack the stick. 
With the jagged point of the broken stick in his hand, Appellant then
attempted to stab Michael.  Sang Nguyen,
a witness to the assault, testified that he saw Appellant hit Michael in the
head with the pool stick before he fled the pool hall out of fear for his own
safety.  As a result of the assault,
Michael suffered a mild concussion and continues to experience health-related
problems stemming from his injury. 
Officer D. M. Rogers testified that a pool cue stick is a deadly weapon
and can cause death or serious bodily injury if used to hit someone.

Appellant contends
that the evidence is factually insufficient to support his conviction for the
charged offense because Michael was clearly biased against him because of his attachment
to Appellant=s
ex-wife, on whom he was cheating. 
Appellant argues that Michael=s
bias is shown by his contradicting statements in light of other evidence,
including Appellant=s
testimony and the responding officer=s
testimony.  Specifically, Appellant
points to Officer Rogers=
testimony that it was his understanding that immediately prior to the assault,
Michael and Appellant were arguing over the panhandling and Michael had asked
Appellant to leave a patron alone. 
Appellant also asserts that Michael=s
testimony as to how the pool stick became broken was contrary to Appellant=s testimony and to Officer Rogers= observation that the counter top Ahad been smashed.@ 
Despite Appellant=s
complaints regarding the credibility of Michael=s
testimony, as we have noted above, it was within the judge=s province to assess the credibility of
the witnesses, and in our review, we do not intrude upon the judge=s role, as the trier of fact in this
case, to evaluate the weight and credibility to be given to any witness=s testimony.  See Cain, 958 S.W.2d at 408-09.  It appears that the conflicting evidence, if
any, was resolved in favor of the State and that Michael=s
testimony was found credible.

After considering
all the evidence in a neutral light, we conclude that the evidence was not too
weak to support the guilty finding beyond a reasonable doubt nor was the
contrary evidence so strong that guilt could not be proven beyond a reasonable
doubt.  See Zuniga, 144 S.W.3d at
484-85.  Because the evidence was
factually sufficient to sustain his conviction, we overrule Appellant=s sole issue on appeal.

 








We affirm the trial
court=s
judgment.

 

 

March
30, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant was also indicted on another charge of aggravated assault with a
deadly weapon in cause number F-0443508-KV and both cases were tried together
in a bench trial.  Appellant has also
appealed the judgment rendered in cause number F-0443508-KV, which was affirmed
by an opinion issued this same day.  See
Nguyen v. State, No. 08-05-00027-CR (Tex.App.--El Paso March 30, 2006, no
pet. h.)(not designated for publication).